MARISA D. POULOS (SBN 197904)
marisa.poulos@balboacapital.com
MICHAEL H. RAICHELSON (SBN 174607)
michael.raichelson@balboacapital.com
BRIAN DA COSTA (SBN 342660)
brian.dacosta@balboacapital.com
BALBOA CAPITAL CORPORATION
575 Anton Boulevard, 12th Floor
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff,
BALBOA CAPITAL CORPORATION

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| BALBOA CAPITAL CORPORATION, a California corporation,<br><br>　　　　Plaintiff,<br>vs.<br><br>UNLIMITED FREIGHT, LLC, an Alabama limited liability company; JASPER RENARDO CURRY IV, an individual,<br><br>　　　　Defendants. | Case No.:<br><br>**PLAINTIFF BALBOA CAPITAL CORPORATION'S COMPLAINT FOR:**<br><br>　1) **BREACH OF EQUIPMENT FINANCING AGREEMENT**<br><br>　2) **BREACH OF PERSONAL GUARANTY** |

　　　Plaintiff Balboa Capital Corporation, a California corporation ("Balboa" or "Plaintiff") alleges as follows:

---

1
**COMPLAINT**

## PARTIES AND JURISDICTION

1. Balboa is a corporation formed under the laws of the State of California, with its principal place of business in the County of Orange in the State of California.

2. Defendant Unlimited Freight, LLC ("Unlimited Freight") is, and at all times mentioned herein was, an Alabama limited liability company and doing business in the County of Madison, State of Alabama.

3. Defendant Jasper Renardo Curry IV ("Guarantor") is, and at all times herein mentioned was an individual residing and doing business in the County of Calhoun, State of Alabama.

4. Guarantor is an officer, director, shareholder, agent, member and/or owner of Unlimited Freight.

5. Plaintiff is informed and believes and thereon alleges that each Defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other Defendants in a joint enterprise for profit and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about the foregoing, and that each Defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

6. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California *Civil Code* Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California *Civil Code* Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

7. Pursuant to the Equipment Financing Agreement and Personal Guaranty described herein below, Unlimited Freight and Guarantor agreed that the Equipment Financing Agreement would be governed by the laws of the State of

California. In addition, the Equipment Financing Agreement provides, in pertinent part, as follows:

>    30. **CONSENT TO EXCLUSIVE AND MANDATORY JURISDICTION AND VENUE OF CALIFORNIA.** Debtor submits to the jurisdiction of California and agrees that any action or proceeding to enforce this Agreement, or any action or proceeding arising out of or related to this Agreement will be exclusively commenced, initiated and litigated in the California State Courts of Orange County California and/or the United States District Court for the Central District of California, Santa Ana Division.

8.  Jurisdiction. This Court has jurisdiction over the case pursuant to 28 U.S.C. §1332(a).

9.  Venue. This case is properly venued in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. §84(c)(3).

## FIRST CLAIM

**(Breach of Equipment Financing Agreement against Unlimited Freight)**

10. Balboa incorporates Paragraphs 1 through 9, inclusive, of the Preliminary Allegations herein as though set forth in full.

11. Prior to March 2022, Balboa is informed and believes that Unlimited Freight initiated and engaged with Penske Used Truck Centers located at 15480 Valley Blvd. Fontana, CA 92337 ("Equipment Vendor"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as "Collateral") for its business. The Equipment Vendor worked with Unlimited Freight in the selection of the Collateral and in coordinating the delivery of the Collateral.

12. Thereafter, Balboa is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated submission of Defendants' electronic credit application to Balboa and other financial institutions. Upon review,

Unlimited Freight concluded that Balboa offered agreeable terms to finance the Collateral commensurate with its requirements. Thereafter, the Equipment Vendor accumulated and submitted to Balboa the requisite signatories, documentation and financial information from the Defendants to finance the Collateral being supplied by the Equipment Vendor.

13. On or about June 9, 2022, Balboa executed and delivered to Unlimited Freight a certain written Equipment Financing Agreement No. 405846-000 (the "EFA"), under the terms of which Balboa loaned to Unlimited Freight the principal sum of sixty seven thousand, two hundred and thirteen dollars and forty eight cents ($67,213.48) in order to finance the equipment. The EFA required Unlimited Freight to make sixty (60) monthly payments of $2,107.01, payable on the eighth day of each month beginning August 8, 2022. A true and correct copy of the EFA is attached hereto as Exhibit "1" and incorporated herein by reference.

14. The last payment made by Unlimited Freight was credited towards the May 8, 2023 monthly payment. Therefore, on or about June 8, 2023, Unlimited Freight breached the EFA by failing to make the monthly payment due on that date and, therefore, payments are due for the June 8, 2023 and July 8, 2023 monthly payments. As of the date of the filing of Balboa's Complaint, there became due the sum of $4,214.02. Unlimited Freight's failure to make timely payments is a default under the terms of the EFA.

15. In accordance with the EFA, and as a proximate result of Unlimited Freight's default thereunder, Balboa declared the entire balance of the payments under the EFA to be immediately due and payable to Balboa. In addition, pursuant to the EFA, Balboa is entitled to recover all accelerated payments due under the EFA. Therefore, there became due the sum of $101,136.49. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Unlimited Freight.

16. Additionally, the terms of the EFA provide that Expert Auto is liable to Balboa for late charges on all payments not made in a timely manner. As of the date of the filing of Balboa's Complaint, late charges in the sum of $252.84 are now due and owing.

17. Balboa has performed all of the terms, conditions, and covenants required to be performed by Balboa under the terms of the EFA, except as excused or prevented by the conduct of Unlimited Freight.

18. As a proximate result of Unlimited Freight's breach of the EFA, Balboa has been damaged in the total sum of $105,603.35, plus interest at the rate of ten percent (10%) per annum from June 8, 2023, until the entry of judgment herein.

19. Under the terms of the EFA, Unlimited Freight promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs.

## SECOND CLAIM

### (Breach of Personal Guaranty Against Guarantor)

20. Balboa incorporates Paragraphs 1 through 19, inclusive, of the Complaint herein as though set forth in full.

21. Concurrent with the execution of the EFA, and to induce Balboa to enter into the EFA with Unlimited Freight, Guarantor guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to Balboa under the terms of the EFA. A true and correct copy of the written Personal Guaranty for Defendant Jasper Renardo Curry IV (hereinafter referred to as the "Personal Guaranty") is attached hereto as Exhibit "2" and incorporated herein by reference.

22. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of the Personal Guaranty, except as excused or prevented by the conduct of Guarantor.

23. Following a default by Unlimited Freight, Balboa demanded that Guarantor make the payments required under the EFA. Guarantor failed and/or refused to make the payments required under the EFA.

24. Pursuant to the terms of the Personal Guaranty, the sum of $105,603.35, plus interest at the rate of ten percent (10%) per annum from June 8, 2023, is due and payable to Balboa from Guarantor. This Complaint, in addition to previous demands, shall constitute demand upon Guarantor to pay the entire indebtedness due and owing from Unlimited Freight to Balboa under the terms of the EFA.

25. Under the terms of the Personal Guaranty, Guarantor promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA and the Personal Guaranty. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs.

WHEREFORE, Balboa Capital Corporation prays for Judgment against Defendants, and each of them, as follows:

## AS TO ALL CLAIMS

1. For the total sum of $105,603.35, plus interest at the rate of ten percent (10%) per annum from June 8, 2023;

2. For fees and charges in an amount to be proven at trial;

3. For reasonable attorneys' fees and costs;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

**BALBOA CAPITAL CORPORATION**

Dated: August 2, 2023

By: /s/ Michael H. Raichelson
MARISA D. POULOS
MICHAEL A. RAICHELSON
BRIAN DA COSTA
Attorneys for Plaintiff
BALBOA CAPITAL CORPORATION