1
2
3
4
5
6
7
8                     **UNITED STATES DISTRICT COURT**

9             **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11  BALBOA CAPITAL           Case No. 8:23-cv-01393-JWH-ADS
     CORPORATION, a California
12  corporation,

13             **ORDER GRANTING PLAINTIFF'S**
        Plaintiff,       **UNOPPOSED MOTION FOR**
                        **DEFAULT JUDGMENT [ECF**
14        v.                   **No. 16]**

15  UNLIMITED FREIGHT, LLC, an
     Alabama limited liability company,
16      and
   JASPER RENARDO CURRY IV, an
17      individual,

18        Defendants.

19
20
21
22
23
24
25
26
27
28

Before the Court is the unopposed motion of Plaintiff Balboa Capital Corporation for default judgment against Defendants Unlimited Freight, LLC and Jasper Renardo Curry IV.[1]  The Court concludes that this matter is appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of the Motion, and in the absence of any opposition,[2] the Court **GRANTS** Balboa's Motion.

## I.  BACKGROUND

Balboa filed this action in August 2023.  In its Complaint, Balboa asserts two claims for relief:  (1) breach of equipment financing agreement against Unlimited Freight; and (2) breach of personal guaranty against Curry, "an officer, director, shareholder, agent [or] owner of Unlimited Freight."[3]

Specifically, Balboa alleges that Defendants entered into a pair of contracts with Balboa in order to finance certain Collateral—an Equipment Financing Agreement No. 405846-000 (the "EFA") for a principal sum of $67,213.48 and Curry's separate, written personal Guaranty of that EFA.[4] Balboa asserts that Unlimited Freight breached the EFA in June 2023 by failing to make the monthly payment due.[5]  Unlimited Freight's failure to make its monthly payments was an act of default of the EFA under the contract's terms.[6]

---

[1]      Pl.'s Mot. for Default J (the "Motion") [ECF No. 16].

[2]      Specifically, the Court considered the documents of record in this action, including the following:  (1) Compl. (the "Complaint") [ECF No. 1] (including all attachments); (2) Req. for Clerk to Enter Default (the "Request for Default") [ECF No. 13]; (3) Default by Clerk (the "Entry of Default") [ECF No. 14]; (4) Motion (including all attachments); and (5) Suppl. to Motion [ECF No. 19].

[3]      *See generally* Complaint; *see also id.* at ¶¶ 3 & 4.

[4]      *Id.* at ¶ 13.

[5]      *Id.* at ¶ 14.

[6]      *Id.*

Following Unlimited Freight's default, Balboa demanded that Curry make the payments required under the EFA; Curry also failed to meet his obligations under the Guaranty.[7]  Pursuant to the EFA, in light of Unlimited Freight's breach, Balboa declared the entire balance under the contract—$101,136.49—due immediately.[8]  Pursuant to the terms of the contract, Balboa is also entitled to late charges in the amount of $252.84, plus pre-judgment interest at a rate of 10% *per annum* from the date of breach (June 8, 2023).[9]  Defendants must also cover costs and reasonable attorneys' fees.[10]

Through its instant Motion, Balboa seeks a judgment for the total contractual amount due—$105,603.34—plus contractual prejudgment interest at a rate of 10% *per annum*, attorneys' fees as fixed by L.R. 55-3, and litigation costs.[11]

## II.  LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."  Fed. R. Civ. P. 55(b)(1).  "In all other cases, the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).

---

[7]     *Id.* at ¶ 24.

[8]     *Id.*

[9]     *Id.*

[10]    *Id.* at ¶¶ 19 & 25.

[11]    Motion 12:8-13:12.

1       This Court's Local Rules require an applicant for default judgment also to

2   file a declaration that conforms to the requirements of Rule 55(b) of the Federal

3   Rules of Civil Procedure and that includes the following information:

4       (a) When and against which party the default was entered;

5       (b) The identification of the pleading to which default was entered;

6       (c) Whether the defaulting party is an infant or incompetent person,

7       and if so, whether that person is represented by a general guardian,

8       committee, conservator or other representative;

9       (d) That the Servicemembers Civil Relief Act (50 U.S.C. App.

10      § 521) does not apply; and

11      (e) That notice of the application has been served on the defaulting

12      party, if required by F[ed.] R. Civ. P. 55(b)(2).

13  L.R. 55-1.

14      If the applicant meets the procedural requirements, then "[g]ranting or

15  denying a motion for default judgment is a matter within the court's discretion."

16  *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 919 (C.D.

17  Cal. 2010) (internal quotation omitted).  In exercising its discretion, a court may

18  consider the following factors:

19      (1) the possibility of prejudice to the plaintiff, (2) the merits of

20      plaintiff's substantive claim, (3) the sufficiency of the complaint,

21      (4) the sum of money at stake in the action; (5) the possibility of a

22      dispute concerning material facts; (6) whether the default was due to

23      excusable neglect, and (7) the strong policy underlying the Federal

24      Rules of Civil Procedure favoring decisions on the merits.

25  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (the "*Eitel* Factors").

26      "Once a party's default has been entered, the factual allegations of the

27  complaint, except those concerning damages, are deemed to have been admitted

28  by the non-responding party."  *Landstar*, 725 F. Supp. 2d at 920.  "The court,

however, must still consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* (internal quotation omitted). "If the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the amount and character of the relief that should be awarded." *Id.* (internal quotation omitted).

"Plaintiffs are required to prove all damages sought in the complaint, and such damages 'shall not be different in kind from, or exceed in amount, what is demanded in the pleadings.'" *Espresso Republic, LLC v. Coffee*, 2016 WL 7176564, at *2 (C.D. Cal. Dec. 7, 2016) (quoting Fed. R. Civ. P. 54(c)). "'Plaintiff's burden in "proving up" damages is relatively lenient,'" but "sufficient facts, necessary to determine damages, must be provided to the court." *Id.* (quoting *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)). "If the amount claimed in a judgment by default is unliquidated, the applicant may submit evidence of the amount of damages by declarations." L.R. 55-2. "Notice must be given to the defaulting party of the amount requested." *Id.*

## III. ANALYSIS

### A. Procedural Requirements

Balboa satisfied the procedural requirements for the entry of default judgment by the Court. Pursuant to Rule 55, Balboa did not move for entry of default judgment until after default was entered against Defendants by the Clerk.[12] Additionally, Balboa provided all of the information required by the Local Rules of this Court.[13]

---

[12]    *Compare* Entry of Default (entered October 17, 2023) *with* Motion (filed January 9, 2024).

[13]    *See* Request for Default.

**B.    The *Eitel* Factors**

In this case, the *Eitel* Factors collectively weigh in favor of awarding

default judgment.

**1.    Possibility of Prejudice to Plaintiff**

The first *Eitel* Factor considers whether the plaintiff will be prejudiced if

default is not entered.  If the Motion is not granted, then, in view of Defendants'

failure to engage in this action at all, Balboa "will likely be without other

recourse for recovery."  *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d

1172, 1177 (C.D. Cal. 2002).  This factor therefore weighs in favor of granting

the Motion.

**2.    Merits of Plaintiff's Claim and Sufficiency of Complaint**

The second and third *Eitel* Factors assess the merits of the plaintiff's

substantive claim and the sufficiency of the complaint.  Those factors require the

plaintiff to state a claim upon which it may recover.  *See, e.g.*, *Danning v. Lavine*,

572 F.2d 1386, 1388 (9th Cir. 1978).

Under California law, "[t]he elements of a cause of action for breach of

contract include the existence of a contract, the plaintiff's performance or

excuse for nonperformance, the defendant's breach, and resulting damages to

the plaintiff."  *J.B.B. Inv. Partners Ltd. v. Fair*, 37 Cal. App. 5th 1, 9 (2019), *as

modified* (July 1, 2019).  "The first element—the existence of a contract . . .

requires parties capable of contracting, their consent, a lawful object, and a

sufficient cause or consideration."  *Id.*  "When a contract is reduced to

writing," as it is in this case, "the intention of the parties is to be ascertained

from the writing alone, if possible."  Cal. Civ. Code § 1639.  "The language of a

contract is to govern its interpretation, if the language is clear and explicit, and

does not involve an absurdity."  Cal. Civ. Code § 1638.  "Interpretation of a

contract is solely a question of law unless the interpretation turns upon the

credibility of extrinsic evidence." *Badie v. Bank of Am.*, 67 Cal. App. 4th 779, 799 (1998).

Here, Balboa has plausibly alleged that valid, written contracts for the financing of the Collateral—the EFA and Guaranty—existed, and that Balboa is entitled to enforce those contracts.[14]  Balboa has similarly plausibly alleged it performed pursuant to those contracts; that Defendants breached; and that those breaches caused Balboa to suffer damages.[15]  Because Defendants have failed to appear, they have not asserted any defenses.  As such, the second and third *Eitel* Factors favor Balboa.

### 3.     Sum of Money at Stake in the Action

With respect to the fourth *Eitel* Factor, "[d]efault judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014).  Here, Balboa requests a total of $125,053.50—which includes the principal amount due pursuant to the defaulted EFA of $105,603.34; $12,671.34 in prejudgment interest (as of August 19, 2024—438 days from June 8, 2023) at a rate of 10% *per annum* ($28.93 per day); $1,066.75 in litigation costs incurred; and $5,712.07 in attorneys' fees, calculated pursuant to the Local Rules, *see* L.R. 55-3.[16]  That amount is plainly contemplated in the EFA itself or the Local Rules; as such, it is reasonable for purposes of the *Eitel* inquiry.  Thus, the fourth *Eitel* Factor weighs in favor of default judgment.

---

[14]     *See generally* Complaint; Motion; *see also* Complaint, Exs. 1 & 2 (the contracts).

[15]     *Id.*

[16]     *See generally* Motion.

### 4.    Possibility of a Dispute Concerning Material Facts

The fifth *Eitel* Factor "considers the possibility that material facts are disputed." *Vogel*, 992 F. Supp. 2d at 1012.  Upon entry of default, all well-pleaded factual allegations are deemed true—except those pertaining to damages. *TeleVideo Systems Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987); *Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.").  Because Defendants failed to appear in this action, it is unlikely that disputes regarding material facts will arise. *See id.*  Accordingly, this factor favors default judgment.

### 5.    Whether the Default Was Due to Excusable Neglect

The sixth factor addresses whether default was due to excusable neglect. Here, Balboa properly executed service upon Defendants,[17] such that this factor favors default judgment. *See, e.g.*, *Globe Ent. & Media, Corp. v. Glob. Images USA*, 2022 WL 2703845 (C.D. Cal. July 11, 2022); *Tesoro Ref. & Mktg. Co. LLC v. Petroleum One, Inc.*, 2014 WL 814018 (C.D. Cal. Mar. 3, 2014).

### 6.    Strong Policy Favoring Decisions on the Merits

Finally, although "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, default judgment may be entered where a defendant fails to appear. *See, e.g.*, *PepsiCo*, 238 F. Supp. 2d at 1177. This factor does not preclude the entry of default judgment.

In sum, six of the seven the *Eitel* Factors weigh in favor of default judgment and the last is neutral.  Because the majority of the factors weigh in favor of default judgment, Balboa's Motion is **GRANTED**.

---

[17]    *See* Proof of Service [ECF Nos. 7 & 8].

-8-

## IV.  DISPOSITION

For the reasons set forth above, it is hereby **ORDERED** as follows:

1.  Balboa's instant Motion for default judgment is **GRANTED**.

2.  Judgment will issue accordingly.

**IT IS SO ORDERED.**

Dated:    August 19, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE